### UNITED STATES ex rel. Louis BEVILACQUA

v.

### Frederick G. REINCKE, Acting Warden, Connecticut State Prison.

### Civ. A. No. 6345.

United States District Court
D. Connecticut.

Nov. 20, 1956.

See, also, 147 F.Supp. 932.

Harry Cooper, Hartford, Conn., for petitioner.

Lorin Willis, State's Atty. for Fairfield County, Bridgeport, Conn., for respondent.

J. JOSEPH SMITH, Chief Judge.

Petitioner, convicted in the Superior Court for Fairfield County, Connecticut, of burglary on two counts, on trial to the Court, seeks release by writ of habeas corpus on two grounds, knowing use of perjured testimony by the state, and inadequate representation by counsel. He exhausted his state remedies by application for new trial and habeas corpus.

He was permitted to proceed in forma pauperis, counsel assigned and hearing had.

Petitioner's claims are based on his alleged presence at a certain tavern at the times of the burglaries. His counsel investigated his claims and was unable to substantiate them. It was undisputed at his trial that he had been in the tavern at some times during the evenings in question, but neither on his trial nor at his habeas corpus hearing was any proof adduced which would definitely place him in the tavern at the precise times of the breaks. His counsel, able and experienced in criminal cases, did not fail to make an adequate investigation and presentation in view of the evidence available. There was certainly no breach of his constitutional right to adequate representation.

The conviction was based on the testimony of alleged accomplices who had pleaded guilty, one or more of whom have made inconsistent statements as to petitioner's implication. The trial judge recognized that the reliability of these witnesses was questionable. His remarks concerning them, taken alone, give some color to petitioner's claims. Taken as a whole, however, it is plain that the trial judge did find their testimony convincing as to Bevilacqua's participation in both breaks, although he did not credit their playing down of their own parts in the crimes. He therefore found petitioner guilty, choosing to credit the testimony implicating petitioner. This was within his province. He saw and observed the witnesses on the stand. Although they were available to testify, there was no repudiation of their trial testimony on the habeas corpus hearing. There is no credible proof here either that the story they told which implicated Bevilacqua was false, or that the State's Attorney or Court knew it to be false.

The writ of habeas corpus heretofore issued may be discharged and petitioner remanded to the custody of respondent.

So ordered.

The court wishes to express appreciation to Mr. Cooper, appointed counsel, for the time and effort spent in preparing and presenting petitioner's case.