283 F.2d 344
 UNITED STATES ex rel. Ralph DARLING, Relator-Appellant,
v.
Walter B. MARTIN, Warden, Attica State Prison, Attica, New York and The People of the State of New York, Respondents.
 United States Court of Appeals Second Circuit.
 Motion Submitted August 22, 1960.
 Decided October 13, 1960.
 
 Ralph Darling, relator-appellant, pro se.
 Louis J. Lefkowitz, Atty. Gen. of the State of New York, Stephen Mindell, Brooklyn, for respondents.
 Before MEDINA, WATERMAN and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Relator is presently incarcerated in Attica State Prison, Attica, New York, by virtue of a final judgment of the County Court of Broome County in the State of New York, as a second felony offender, for a term of from ten to twenty years. His application for a writ of habeas corpus to the United States District Court for the Western District of New York was denied without a hearing and his application for a certificate of probable cause was denied. He now moves in this Court for leave to prosecute in forma pauperis an appeal from the order denying his application for the writ.
 
 
 2
 We find in relator's papers sufficient to require a hearing at which the following issues shall be determined:
 
 
 3
 (1) Whether, as claimed, relator's court assigned attorney was so remiss in his preparation for trial as to make the trial a farce and shock the conscience of the court. In this connection we interpret relator's charge to be that there were certain alibi witnesses whose names were given to counsel but that counsel did not interview such witnesses nor did he produce them upon the trial. See United States ex rel. Bevilacqua v. Reincke, D.C.Conn.1956, 147 F.Supp. 933.
 
 
 4
 (2) Whether, either pursuant to Section 4 of the New York Judiciary Law, or otherwise, relator was convicted at a closed trial from which all persons were excluded. See In re Oliver, 1948, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682; Melanson v. O'Brien, 1 Cir., 1951, 191 F.2d 963; People v. Jelke, 1954, 308 N.Y. 56, 123 N.E.2d 769, 48 A.L.R.2d 1425. An affidavit signed by sixty-one neighbors and relatives states that relator "was tried in closed court and no one allowed in the court."
 
 
 5
 (3) Whether the prosecution wilfully submitted to the court and jury perjured testimony. While this charge is only made obliquely and standing alone might not be sufficient to require a hearing, relator does charge that a principal witness against him had recanted his testimony and had signed an affidavit to that effect, although no copy of such affidavit is produced. Relator also states that the said witness and others were "coached" and "that it will be proved evidence withheld by the Binghamton Police Department or the Broome County District Attorney's Office." As there is to be a hearing in any event, we think this issue also should be cleared up.
 
 
 6
 In the midst of a welter of confusing charges and allegations, which have become more or less typical of applications submitted by indigent prisoners, we think relator has shown that there is at least a possibility that he was deprived of some of his constitutional rights. Accordingly, justice requires that a hearing be held.
 
 
 7
 The District Court should assign counsel to assist relator in the preparation for and the conduct of the hearing, which we have directed to be held.
 
 
 8
 Remanded.